[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14839
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00007-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

JAMIE VINCENT WARD,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 7, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jamie Ward appeals the 84-month sentence he received after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Mr. Ward argues that his sentence was procedurally unreasonable because the district court erred in considering a non-existent two-level enhancement for possession of a fully-automatic weapon.

Upon review of the record and consideration of the parties' briefs, we affirm Mr. Ward's sentence.

## I

Mr. Ward was the "Grand Dragon" of the Florida-Georgia branch of the Traditionalist American Knights of the Ku Klux Klan. It was in this role that he met a government confidential informant who was also a member of that group. Mr. Ward informed the CI that he possessed a shotgun, a pistol, and a .22-caliber rifle. Mr. Ward gave the CI his rifle and instructed him to make it operate as a fully automatic weapon. One month after Mr. Ward made this request, he was arrested in his home by federal agents. During the arrest the agents recovered a 9mm pistol, .22-caliber ammunition, and 12-gauge shotgun shells.

Mr. Ward was charged by superseding indictment with two counts of being a felon in possession of a firearm and pled guilty to both counts. The presentence investigation report set a base level offense of 22 because Mr. Ward possessed a semi-automatic firearm capable of accepting a large magazine and had a prior

2

conviction for a crime of violence. Mr. Ward also received a two-level enhancement for possessing three firearms. After receiving a three-level reduction for early acceptance of responsibility, his resulting offense level was 21. Based on an offense level of 21 and a criminal history category of IV, Mr. Ward's advisory guideline range was 57-71 months' imprisonment. Mr. Ward filed an objection to the two-level enhancement for the possession of three firearms because no shotgun was recovered or seen in his home. He also filed a memorandum concerning his background.

The district court held an evidentiary sentencing hearing to resolve the objection over the enhancement for the third firearm. In support of the enhancement, the government introduced evidence that Mr. Ward made two admissions to the CI that he possessed a shotgun, that there was (a) a box of shotgun ammunition, and (b) a gun cleaning kit that included accessories for cleaning a shotgun recovered from Mr. Ward's home. Mr. Ward, his mother, and his sister testified for the defense. All three testified that Mr. Ward had never owned or been in possession of a shotgun. His mother explained that the shotgun ammunition had come from her because she was a packrat and never threw anything away. She and her daughter both claimed to have never seen any firearms in his home.

3

The district court found the government's evidence credible and the defense evidence not credible, noting that the witnesses called on Mr. Ward's behalf both testified that they had never seen a firearm in the home. This testimony was contrary to the evidence presented by the government, which included a photo of the pistol clearly displayed on an entertainment console in the living room. The district court found that Mr. Ward's possession of a third firearm had been proven by a preponderance of evidence and overruled the objection.

Before it sentenced Mr. Ward, the district court stated that it could have increased Mr. Ward's sentence level by two levels because he attempted to possess a fully-automatic weapon. Both the government and Mr. Ward agreed with the proposition that this enhancement would have increased the advisory guideline range to 70-87 months. The district court also stated that it believed Mr. Ward had committed perjury by testifying falsely concerning the shotgun, and that false testimony would also lead to an additional two-level enhancement. The district court advised that if it took both of those developments into consideration, Mr. Ward's advisory guideline range would have been from 84-105 months' imprisonment.

The district court stated that it was not going to apply the enhanced guidelines, but was going to sentence Mr. Ward to 84 months, an upward variance from the 57-71 month range. In so doing, the district court took into account

4

mitigating factors, such as Mr. Ward receiving his GED, that Mr. Ward appeared to be a loving and good father, and that Mr. Ward had not gone on a crime spree after absconding from probation in Georgia. The district court also considered the aggravating factors. Mr. Ward was arrested while absconding from a ten–year probation sentence in Georgia, and had previously served only five years of a ten–year prison sentence. The district court also took into account that Mr. Ward was less than candid in his testimony at the hearing. The district court noted that this was not a typical felon–in–possession case.  Mr. Ward had multiple firearms, and sought to have one of them converted into a fully automatic weapon. The district court also found troubling Mr. Ward's association with people who have the propensity to do violence. Mr. Ward associated with a group of men within his KKK chapter who conspired to and successfully committed a murder. The district court acknowledged that Mr. Ward was not a part of that group, and that he had no role in the murder, but that his associations with those individuals in that capacity and his knowledge of the murder also weighed in favor of an upward variance.

In weighing all of the circumstances, the district court sentenced Mr. Ward to 84 months' imprisonment, to be followed by two years of supervised release. The district court expressly stated that this was an upward variance from the 57-71 month guideline range, and not an application of what it believed to be the possible enhanced guidelines.

**II**

Mr. Ward argues that the district court erred in sentencing him to 84 months' imprisonment. He asserts that the district court wrongfully applied a non-existent two level enhancement to his sentence for his attempting to possess a fully automatic firearm and that he was sentenced in accordance with an incorrect set of guidelines. We do not agree.

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). In conducting our analysis, we first ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range. *See id.* at 51. If a guideline error did not affect the ultimate sentence imposed, it is not necessary to decide procedural guideline issues or remand the case for new sentencing proceedings. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). We look to see if, assuming a guidelines error, "the final sentence resulting from the consideration the 18 U.S.C. § 3553(a) factors would still be reasonable." *Id*. If the district court states that its resolution of a guidelines issue has no bearing on the sentence, that is all we need to know, so long as the district court's sentence was substantively reasonable. *Id*.

We examine whether a sentence was substantively reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51. The district court must

6

impose a sentence consistent with the factors in 18 U.S.C. § 3553(a)(2). The district court must consider nature and circumstance of the offense, the history and character of the defendant, availability of various sentences, applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *See* § 3553(a)(1), (3)-(7). The weight given to any specific § 3553(a) factor is reviewed for an abuse of discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The district court did not err in sentencing Mr. Ward to 84 months' imprisonment followed by two years of supervised release. The district court's comments during the sentencing hearing concerning possible additional levels for attempting to possess a fully automatic firearm did not amount to the application of the incorrect guideline range. The district court stated clearly that it was varying up from the guideline range of 51-71 months, and used the other possible enhancements as a guide to determine the appropriate variance.

Having established that there was no issue with the application of the guidelines, we now look to see if the sentence was substantively reasonable. *See Keene*, 470 F.3d at 1349. In announcing Mr. Ward's sentence the district court stated that this was not an everyday felon–in–possession case. It considered that Mr. Ward had previously served only five years of a ten-year sentence, that he was currently on probation in Georgia, that he attempted conversion of a firearm to

fully automatic, and that he was closely associated with a group of men who he knew had conspired to commit murder. It then balanced those factors against the mitigating factors and expressly stated that the sentence was the result of considering the § 3553(a) factors. We cannot conclude that the district court abused its discretion in imposing an 84-month sentence on Mr. Ward. *See Clay*, 483 F.3d at 743.

### III

We affirm Mr. Ward's sentence.

**AFFIRMED.**